

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-92,513-01 THRU WR-92,513-04

## EX PARTE MAX PATRICK SADLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WO2-74193-M(A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

**YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

## DISSENTING OPINION

This is a post-conviction application for writ of habeas corpus in which Applicant seeks, among other things, an out-of-time petition for discretionary review. In November of 2004, in open plea proceedings, he pled guilty to two instances of aggravated sexual assault of a child and two instances of indecency with a child. On appeal, his appellate counsel filed an *Anders* brief. *Anders v. California*, 386 U.S. 738 (1967). The court of appeals affirmed the trial court's judgments. *Sadler v. State*, Nos. 05-04-01514 through 05-04-01817, 2005 WL 3418162, at *1 (Tex. App.—Dallas Dec. 14, 2005) (mem. op., not designated for publication) ("We advised appellant he has a right to file a pro se response, but appellant did not file a pro se response.").

Appellate counsel apparently failed to notify applicant of his right to file a brief of his own in his direct appeal and failed to notify Applicant of the court of appeals disposition of his case, and Applicant now seeks an out-of-time petition for discretionary review. [1] The convicting court recommends we grant Applicant's request to pursue an out-of-time petition so that he may now make his case that there were non-frivolous issues that could have been raised on direct appeal. Today, the Court follows that recommendation. I would not.

This is Applicant's first post-conviction writ application. He has waited more than sixteen years to argue that he was wrongly denied the ability to file a petition for discretionary review. The time preceding the expiration of sixteen years after his conviction was affirmed was ample time within which he should have contacted his appellate counsel to inquire about the resolution of his direct appeal and to pursue an out-of-time petition for discretionary review. If Applicant wanted to pursue discretionary review in this Court, he should have acted well before now. The equitable relief of post-conviction habeas corpus should not lie for those who "slumber on their rights." *See Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014) (recognizing "the maxim the equity aids the vigilant and not those who slumber on their rights").

That appellate counsel filed an *Anders* brief and the court of appeals thereafter affirmed Applicant's conviction strongly suggests that a petition for discretionary review

---

[1] Although the Court of Appeals says it advised Applicant of his right to file a pro se supplement to appellate counsel's *Anders* brief, apparently it sent that advisory to the same incorrect address that appellate counsel erroneously used. In any event, the Court today has refused to grant Applicant's request for an out-of-time *appeal*, so I need not address that aspect of his claim.

would avail Applicant nothing in this case. *See Sadler*, 2005 WL 3418162, at \*1 ("We find nothing in the record that might arguably support the appeals."). He has no right to such a petition in any event. *See* TEX. R. APP. P. 66.2 ("Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion."). Indeed, this Court is free to refuse any petition for discretionary review, even when it is arguable that the lower appellate court reached the wrong result. Our discretionary review authority is more concerned with shepherding the jurisprudence than with assuring a correct result in every individual case. *See Arcila v. State*, 834 S.W.2d 357, 360 (Tex. Crim. App. 1992), *overruled on other grounds Guzman v. State*, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997) ("Our principal role as a court of last resort is the caretaker of Texas law, not the arbiter of individual applications.").

Although I do not necessarily object when the Court grants an out-of-time petition to an appellant who has diligently pursued that avenue of relief, I see no justification for doing so to benefit an applicant who could, and should, have initiated that pursuit many years ago. The claims Applicant now asserts he would raise are commonplace,[2] and the court of appeals would almost certainly have addressed them on direct appeal, in its *Anders*-mandated review of the record, had there been any arguable merit to them. On the basis of the claims made in his writ application, it will almost certainly avail him nothing to pursue discretionary review, and it will only waste this Court's scarce resources without any jurisprudential payback.

---

[2] Applicant claims that he could have raised the following issues on direct appeal: (1) denial of his statutory and common law right of allocution; (2) failure of the trial court to inquire/admonish him of citizenship status before accepting his guilty plea; (3) involuntary jury trial waiver; and (4) insufficient evidence to support his guilty plea.

I therefore respectfully dissent.


FILED:                        February 2, 2022
PUBLISH